IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY P. ASHWORTH, #B-87460, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 12-cv-879-JPG |
| ) | |
| STEVE MUMBOWER, BILL WILSON, ) | |
| LISA ANN ASHWORTH, ) | |
| and WEST CITY, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Danville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was falsely arrested and imprisoned by Defendants Mumbower and Wilson, and his personal property was illegally seized and destroyed by them. He also asks the Court to exercise its supplemental jurisdiction over several state law claims, and to allow the removal of a pending small claims action to this Court.

As an initial matter, it appears that Plaintiff's current incarceration for two Massac County offenses is unrelated to the Franklin County arrest which gave rise to his claims. Plaintiff is scheduled for release on September 7 or 8, 2012,[1] after completing the Massac County sentences.

The specific allegations in Plaintiff's complaint (Doc. 1) are summarized as follows. On

---

[1] Plaintiff's complaint gives the September 7 date (Doc. 1, p. 1); while the Inmate Search page on the website of the Illinois Department of Corrections indicates a projected discharge date of September 8. http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited August 30, 2012).

an unspecified date in 2010, Plaintiff was arrested based on a false tip and report received by Defendant Mumbower (the West City, Illinois, Chief of Police). He was detained by Defendant Mumbower and Defendant Wilson (the Franklin County Sheriff). Plaintiff's truck, wallet, a $400 gift card, and other personal property were illegally seized from him by Defendant Mumbower. On October 14, 2010, the charge for which Plaintiff had been arrested was dismissed, when Defendant Mumbower failed to appear in court (Doc. 1, pp. 2, 8). Defendant Wilson notified Plaintiff on October 27, 2010, that his seized property had been destroyed (Doc. 1, p. 4). Plaintiff filed a small claims action in the Circuit Court of Franklin County (Case No. 2011-SC-171), seeking to recover the value of that property. He indicates that case was still pending as of August 7, 2012, when he filed the instant action.

      Additionally, Plaintiff asserts that his wife, Defendant Lisa Ann Ashworth, forged his 2010 tax forms and cashed the refund check to steal $1,200 from him, after making a false police report (Doc. 1, p. 2). Plaintiff's contention that Lisa Ashworth conspired with the other Defendants to deprive him of his property without due process implies that it was Lisa Ashworth's false report that prompted the arrest by Defendant Mumbower (Doc. 1, p. 4).

      Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Mumbower and Wilson for false arrest and imprisonment (Count 1), and unlawful seizure of his property (Count 2). In connection with these claims, Plaintiff asserts that Defendant West City has a policy and practice of allowing its police officers to make an arrest based on false reports, and to refuse to return seized personal property. While somewhat inartfully pled, at this stage of the litigation, Plaintiff

shall also be allowed to proceed with his claims in Counts 1 and 2 against the municipality, Defendant West City, Illinois. *See Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 691 (1978); *Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006).

Plaintiff also pleads a claim under state law for theft (Count 3) against Defendant Mumbower, based on the conduct described above. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). Accordingly, the theft claim against Defendant Mumbower shall receive further consideration.

Defendant Lisa Ashworth, however, shall be dismissed from this action. As to Counts 1 and 2, while she may have been the source of the allegedly false police report that resulted in Plaintiff's arrest, that report alone does not make her a "state actor" amenable to suit in a civil rights action under 42 U.S.C. § 1983. There is no indication in the complaint that Defendant Lisa Ashworth is employed by the state or the municipalities involved; instead, the complaint suggests she is a private citizen. A plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003). In certain circumstances, where a private citizen engages in an intentional conspiracy with a state agent to violate constitutional rights, liability may attach to that private individual. *See Brokaw v. Mercer County*, 235 F.3d 1000, 1016-17 (7th Cir. 2000). However, "[a] complaint must contain more than mere conclusory allegations of such a conspiracy; a factual basis for such allegations must

be provided." *Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992).  In the instant case, Plaintiff's complaint is devoid of factual content that might support a conclusion that Defendant Lisa Ashworth conspired with the other Defendants to deprive Plaintiff of his liberty and property.  Instead, he makes only conclusory allegations of such a conspiracy, and this is insufficient to state a cognizable claim against her regarding the deprivation of his constitutional rights.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's state law forgery claim (Count 4) against Defendant Lisa Ashworth, for filing an unauthorized tax return and cashing the refund check, is not sufficiently related to the claims in Counts 1, 2, or 3, to fall within this Court's supplemental jurisdiction.  While he lumps this allegation together with the theft claims, Plaintiff states in an attachment to his complaint that the tax return was filed and the refund check was forged after January 2011, much later than the false police report in 2010.  The forgery took place while he was incarcerated in the Illinois Department of Corrections for offenses unrelated to his West City false arrest.  By the time the alleged forgery occurred, the charges resulting from Plaintiff's 2010 false arrest had already been dropped, and he was no longer being detained as a result of that false arrest.  Thus, this claim shall be dismissed, without prejudice to Plaintiff bringing the claim in state court, should he wish to do so.

Finally, Plaintiff's request to remove the state court small claims action to this Court cannot be granted.  Assuming that there would be a basis for federal jurisdiction over the state court claim, only a Defendant in the action has the power to initiate removal, by filing a notice of removal in the state court where the action is pending.  28 U.S.C. § 1441(a).  This Court cannot

initiate the removal of a state court action, nor can it intervene in a pending state case. *See Younger v. Harris*, 401 U.S. 37 (1971); *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002).

**Pending motion for appointment of counsel (Doc. 3)**

There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). With regard to the first step of the inquiry, Plaintiff has attempted to obtain counsel on his own by contacting three attorneys, but none were willing to accept his case.

As to the second step, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* at 655. In this case, Plaintiff's claims do not appear to be too factually complex. From a legal standpoint, the litigation of any constitutional claim falls in the complex range. Even so, Plaintiff's petition appears to adequately articulate his claims. Taking into consideration that Plaintiff had the assistance of a fellow inmate to prepare his complaint, this Court concludes that Plaintiff appears to be competent to litigate his case on his own at this time. Future developments in this case may alter the Court's decision, but at this early stage in the litigation, Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may choose to re-file this motion at a later stage in the litigation.

**Disposition**

Defendant **LISA ASHWORTH** is dismissed from this action without prejudice. **COUNT 4** is dismissed without prejudice.

The Clerk of Court shall prepare for Defendants **MUMBOWER, WILSON,** and **WEST CITY, ILLINOIS:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received

by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   September 12, 2012**

                                                 *s/J. Phil Gilbert*
                                                 **United States District Judge**